## PINKHAM *v.* BENTON.

Upon the question whether B. consented to the sale of a judgment recovered in his name by the plaintiff to the defendant, a letter from the plaintiff to him and his reply are admissible in evidence, although the defendant had no knowledge of the correspondence.

Evidence that a witness was requested to remember a certain conversation, does not tend to contradict his testimony that he does not remember the conversation.

Assumpsit, for the price of a judgment in favor of one Boyce against one Sumner, which the plaintiff alleged that he sold to the defendant in January, 1873. The cause was tried by a referee, who found generally for the plaintiff, and reported the following questions for the opinion of the court. The plaintiff testified that the defendant made him an offer for the judgment; that he told the defendant the offer was satisfactory to him, but he wanted Boyce's authority before accepting it and would write to Boyce for it; which the defendant assented to. It appeared that the letter which the defendant thereupon wrote to Boyce had been lost, and, against the defendant's objection, evidence of its contents was received. Boyce's reply was also received against the defendant's objection.

It appeared that the defendant sent to the plaintiff, by one Stalbird, for the execution that had been issued upon the aforesaid judgment; and the defendant testified that he gave Stalbird particular instructions as to what he should say to the plaintiff on the subject. He offered to show what Stalbird informed him he had said to the plaintiff in compliance with the instructions, and that the plaintiff delivered the execution to Stalbird after receiving the information from him. This evidence was not received.

The defendant claimed that he had a conversation with Stalbird at some time, in which Stalbird stated to him what his instructions were, and what he did under them, the same as the defendant now claims the facts to have been, and that the defendant then requested him to remember the same. On cross-examination, Stalbird (being used as a witness by the plaintiff) said he did not recollect that conversation, although he remembered that the defendant requested him to recollect what he had then stated. When the defendant was upon the stand as a witness, his counsel asked him,—"What was it Stalbird stated to you which you requested him to remember?" He was not permitted to answer the question, and he excepted. The court ordered judgment on the report, and the defendant excepted.

*Bingham, Mitchells & Batchellor*, for the defendant.

*W. & H. Heywood* and *Ladd & Fletcher*, for the plaintiff.

STANLEY, J. If the letter of Boyce, dated Jan. 12, 1873, was competent, the letter to which it was an answer was also competent, and its loss being accounted for, evidence of its contents was admissible. *Packard* v. *Putnam,* 57 N. H. 43, 50. The plaintiff declared upon a contract between himself and the defendant, in which the defendant agreed to purchase a judgment in favor of Boyce against one Sumner at a certain discount, provided Boyce would consent to it; and he alleged that Boyce did consent. This made the question of Boyce's assent material; and the letter written by the plaintiff asking Boyce's consent, and his reply, were competent on that question.

The defendant's offer to show what Stalbird told him he said to the plaintiff was hearsay and immaterial. The question which it was proposed to ask the defendant was properly excluded. It appears from the deposition of Stalbird, which is made a part of the case, that the defendant said something to Stalbird about the execution, of which he informed the plaintiff; that some two or three years after, the defendant and Stalbird had some talk about the conversation; that just prior to this suit the defendant and Stalbird had another conversation, in which the defendant asked Stalbird to try to remember what was said about the execution, but Stalbird did not remember what it was. The defendant claims this testimony tended to contradict Stalbird. But the fact that he was requested to remember the conversation did not tend to show that he stated untruly when he said he did not remember it.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.